NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 05 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GIB, LLC, a California limited liability company,<br><br>          Plaintiff-counter-defendant - Appellant,<br><br>  v.<br><br>SALON WARE, INC., a foreign corporation,<br><br>          Defendant-counter-claimant - Appellee. | No. 14-55399<br><br>D.C. No. 2:13-cv-07191-R-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 2, 2016[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,*** Chief District Judge.

GIB, LLC appeals the district court's grant of Salon Ware, Inc.'s motion to compel arbitration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1. The district court erred in holding that GIB waived its right to a trial to determine the enforceability of the written arbitration agreement. GIB challenged the validity of the written agreement in several separate submissions to the district court, starting with its complaint. The district court was required to resolve that challenge pursuant to the procedures established by Section 4 of the Federal Arbitration Act. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded . . . , the court shall hear and determine such issue.").

2. The district court also erred in holding that GIB was estopped from challenging the enforceability of the written arbitration agreement. In some circumstances, "a nonsignatory may be held to an arbitration clause." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009). Here, however, the record does not demonstrate that GIB "knowingly exploit[ed]" or "claim[ed] the

***   The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

2

benefits of" the distributorship agreement. *Id.* at 1045–46 (quoting *Comer v.*
*Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006)).

3. Finally, the district court erred in compelling arbitration. A court may
"decide as a matter of law that the parties did or did not enter into" an arbitration
agreement "[o]nly when there is no genuine issue of fact concerning the formation
of the agreement." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925
F.2d 1136, 1141 (9th Cir. 1991) (citation omitted). Here, GIB raised a genuine
issue of material fact by submitting a sworn declaration denying that the parties
had entered into a written agreement, and email correspondence between the
parties suggesting that they had a different, more informal, arrangement,. It was
also undisputed that GIB never signed the written agreement.

**REVERSED AND REMANDED.**